Filed 6/13/14  P. v. McKenna CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>      v.<br><br>SINJIN GARRETT MCKENNA,<br><br>   Defendant and Appellant. | G049087<br><br>(Super. Ct. No. R01582)<br><br>O P I N I O N |

          Appeal from an order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

          Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

          No appearance for Plaintiff and Respondent.

\*      \*      \*

INTRODUCTION

Defendant Sinjin Garrett McKenna appeals from the trial court's order finding McKenna violated the terms of his postrelease community supervision, and committing him to county jail for 180 days. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel identified a potential issue to assist us in our independent review. McKenna was granted 30 days to file written arguments in his own behalf, but did not do so.

We have examined the entire record and counsel's *Wende/Anders* brief. After considering the entire record, we have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

In November 2011, then 19-year-old McKenna was charged in a felony complaint with one count of carrying a dirk or dagger, in violation of former Penal Code section 12020, subdivision (a)(4),[1] and one count of resisting and obstructing an officer, in violation of section 148, subdivision (a)(1). He pleaded guilty to both counts. The trial court suspended the imposition of sentence and placed McKenna on three years' formal probation on terms and conditions that included his serving 100 days in the county jail.

On February 15, 2012, the chief probation officer filed a petition for revocation of probation and the issuance of a warrant for McKenna's arrest. The petition

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

asserted that after McKenna was released from his 100-day jail term on January 24, 2012, he failed to report to the probation officer within 72 hours as he had been directed to do. The trial court ordered McKenna's probation revoked and the issuance of a warrant for his arrest.

On February 29, 2012, McKenna admitted he had violated a term of probation as set forth in the petition. The trial court ordered McKenna's probation reinstated, but modified the terms and conditions to require McKenna to serve 180 days in the county jail.

In August 2012, the chief probation officer filed another petition seeking revocation of probation and a warrant for McKenna's arrest, this time on the grounds McKenna violated the terms and conditions of probation by (1) submitting a urine sample on June 12, which tested positive for THC (tetrahydrocannabinol), (2) failing to report to the probation officer on June 19, as he had been directed to do, and (3) being arrested for burglary at a Home Depot on June 23. The chief probation officer stated in the petition: "The pending violation is of great concern to the probation officer because the probationer's substance abuse has gotten to the point that he no longer cares about the consequences of his actions. Attempts at rehabilitation and supervision have not had a positive effect on the probationer's behavior. [¶] The probationer is a serious safety risk to the community. The assigned officer feels that all efforts at rehabilitation have been exhausted, and the following recommendation is appropriate." The recommendation stated in part: "In view of the foregoing, [it] is respectfully recommended that probation be revoked and a warrant be issued for the probationer's arrest. Should the probationer appear in court in the near future and request an immediate disposition, it is respectfully recommended that probation remain revoked and sentence be imposed."

At the hearing on the petition, McKenna admitted he had violated probation. The court ordered probation terminated as to both counts of the felony complaint and sentenced McKenna to a 16-month prison term for carrying a dirk or

3

dagger, and to a concurrent 6-month term in jail for resisting and obstructing an officer. After McKenna was released from state prison in November 2012, he was placed on postrelease community supervision on terms and conditions which included the requirement he not use illegal drugs or otherwise violate the law.

In August 2013, the Orange County Probation Department filed a petition for the revocation of McKenna's postrelease community supervision. In that petition, the department alleged that McKenna had violated terms and conditions of community supervision because, on August 9, 2013, he was discharged from a court-ordered residential drug treatment program for noncompliance with the facility's rules. The petition was also based on McKenna's arrest for violating sections 594, subdivision (a) (vandalism) and 273.5, subdivision (a) (willful infliction of corporal injury), and Health and Safety Code section 11377, subdivision (a) (possession of a controlled substance).[2]

The trial court found McKenna violated the terms of his postrelease community supervision. The court revoked and then reinstated McKenna's postrelease community supervision, and ordered that McKenna serve another 180 days in the county jail. McKenna appealed.

ANALYSIS

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal. McKenna himself has not raised any issues for our review. (*People v. Kelly* (2006) 40 Cal.4th 106, 120, 124.)

---

[2] A report, filed by the chief probation officer, stated under the subheading "Collateral Court Information" (boldface omitted) that on March 27, 2013, McKenna had pleaded guilty to possessing a controlled substance in violation of Health and Safety Code section 11377, subdivision (a), possessing an opium pipe and/or controlled substance paraphernalia in violation of Health and Safety Code section 11364.1, subdivision (a), and driving without a valid license in violation of Vehicle Code section 12500, subdivision (a).

DISPOSITION

The order is affirmed.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.

5